UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ERSKINE CLARK, SR., | Case No. 3:14-cv-00129-MMD-WGC |
| Petitioner, | ORDER |
| v. | |
| GREG SMITH, et al., | |
| Respondents. | |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the Court is respondents' motion to dismiss the petition. (Dkt. no. 9.)

**I.   PROCEDURAL HISTORY**

On October 31, 2011, petitioner was convicted, pursuant to a guilty plea, of one count of burglary. (Exh. 22.)[1] Petitioner was adjudicated a habitual criminal and sentenced to 60-150 months in the Nevada Department of Corrections. (*Id.*) Petitioner did not appeal his conviction.

On June 4, 2012, petitioner filed a *pro se* post-conviction habeas petition in the state district court. (Exh. 23.) On September 27, 2012, the state district court denied the petition. (Exh. 28.) Petitioner did not appeal from the denial of his first state post-conviction habeas petition.

On November 6, 2012, petitioner filed a second post-conviction habeas petition in the state district court. (Exh. 31.) On May 22, 2013, the state district court denied

---

[1] The exhibits referenced in this order are found in the Court's record at dkt. nos. 10-11.

petitioner's second post-conviction habeas petition. (Exh. 39.) Petitioner did not appeal the denial of his second state post-conviction habeas petition.

While his second state habeas petition was pending, petitioner filed a motion to modify his sentence. (Exh. 36.) On May 9, 2013, the state district court denied petitioner's motion to modify his sentence. (Exh. 38.) Petitioner appealed the denial of his motion to modify his sentence. (Exh. 40.) The Nevada Supreme Court affirmed the dismissal of the motion to modify his sentence, but remanded for the correction of a clerical error in the original judgment of conviction. (Exh. 52.) The original judgment of conviction stated that petitioner was adjudicated under the large habitual criminal statute, but the record indicates that petitioner stipulated to and was adjudicated under the small habitual criminal statute. (*Id.*) Remittitur issued on February 11, 2014. (Exh. 53.) The amended judgment of conviction was filed on February 28, 2014. (Exh. 54.) Petitioner's sentence of 60-150 months in the Nevada Department of Corrections remained the same in the amended judgment of conviction. (*Id.*)

This Court received petitioner's federal habeas petition on March 10, 2014. (Dkt. no. 1.) Petitioner's federal petition raises three grounds for relief. (*Id.*) Respondents move to dismiss the petition. (Dkt. no. 9.) Petitioner filed an opposition to the motion to dismiss. (Dkt. no. 13.) Respondents filed a reply. (Dkt. no. 14.) Petitioner then filed a sur-reply to respondents' reply. (Dkt. no. 15.) Respondents have filed a motion to strike petitioner's sur-reply. (Dkt. no. 16.)

**II.    DISCUSSION**

    **A.    Motion to Strike Petitioner's Sur-reply**

Respondents seek to strike (dkt. no. 16) petitioner's sur-reply (dkt. no. 15). Local Rule 7-2 authorizes the filing of a motion, a response, and a reply. Local Rule 7-2 does not authorize a party opposing a motion to unilaterally file any further papers responding to the motion after the filing of a reply by the movant. This Court has also not authorized the filing of a sur-reply in this case beyond that which is allowed by the Local Rules of Civil Practice. Respondents' motion to strike petitioner's sur-reply is granted.

### B. Motion to Dismiss

Respondents argue that the federal petition was untimely filed. The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

For purposes of the AEDPA limitations period, "a judgment becomes 'final' in one of two ways — either by the conclusion of direct review by the highest court, including the United States Supreme Court, to review the judgment, or by the expiration of the time to seek such review, again from the highest court from which such direct review could be sought." *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001). Once the judgment of conviction becomes final, the petitioner has 365 days to file a federal habeas petition, with tolling of the time for filing during the pendency of a properly filed

3

application for state post-conviction or other collateral review with respect to the pertinent judgment. 28 U.S.C. § 2244(d)(1), (2). A habeas petitioner's state post-conviction petition, which was rejected by the state court as untimely under the statute of limitations, is not "properly filed," within the meaning of the statutory tolling provision of the AEDPA limitations period. *Pace v. DiGuglielmo,* 544 U.S. 408, 412-16 (2005).

A criminal defendant in Nevada has thirty (30) days from the entry of judgment to file his notice of appeal. Nev. R. App. P. 4(b). If the defendant does not seek direct review from the highest state court, the conviction becomes final when the time for seeking such review expires. 28 U.S.C. § 2244(d)(1)(A); *Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007); *Wixom v. Washington*, 264 F.3d at 898. Once the judgment of conviction is final, the defendant has one year to file a federal habeas petition. 28 U.S.C. § 2244(d).

In the present case, petitioner's judgment of conviction was filed on October 31, 2011. (Exh. 22.) Petitioner did not pursue a direct appeal of his judgment of conviction. Where a petitioner does not appeal from his judgment of conviction, the one-year AEDPA limitations period begins to run on the date on which the time to seek appeal expires. 28 U.S.C. § 2244(d)(1)(a); NRAP 4. Thus, petitioner's conviction became final on November 30, 2011, which was the deadline for filing a direct appeal from the judgment of conviction. The one-year AEDPA statute of limitations began to run on December 1, 2011.

A total of 187 days elapsed between December 1, 2011, and the date that petitioner filed his first post-conviction state habeas petition on June 4, 2012. Because petitioner had no state post-conviction or other collateral review pending during this time period, the 187 days are not statutorily tolled. *See* 28 U.S.C. § 2244(d)(2).

Petitioner filed his first post-conviction habeas petition in the state district court on June 4, 2012. (Exh. 23.) The state district court denied petitioner's first post-conviction habeas petition on September 27, 2012, and because petitioner did not appeal the denial of his petition, the proceedings concluded that day. (Exh. 28.) From

4

June 4, 2012, until September 27, 2012, while the first post-conviction petition was pending in state court, 115 days were statutorily tolled. *See* 28 U.S.C. § 2244(d)(2).

The order denying petitioner's first state habeas petition was filed September 27, 2012. (Exh. 28.) Petitioner filed a second post-conviction habeas petition in the state district court on November 6, 2012. (Exh. 31.) On May 22, 2013, the state district court dismissed the second petition as untimely and successive. (Exh. 39.) Because the second state habeas petition was not "properly filed," it did not toll the statute of limitations. *Pace v. DiGuglielmo,* 544 U.S. at 412-16. A total of 194 days elapsed, from September 27, 2012 (the day the state district court dismissed the first state habeas petition), until April 9, 2013 (the date on which petitioner filed his motion to modify his sentence). Because petitioner had no properly filed application for state post-conviction or other collateral review pending during this time, the time period is not statutorily tolled. *See* 28 U.S.C. § 2244(d)(2).

Petitioner filed his motion to modify his sentence on April 9, 2013. (Exh. 36.) The state district court denied the motion on May 9, 2013. (Exh. 38.) Petitioner appealed, and the Nevada Supreme Court affirmed the denial of the motion on January 16, 2014. (Exh. 52.) Remittitur issued on February 11, 2014. (Exh. 53.) The period of time while petitioner litigated his motion to modify sentencing, from April 9, 2013, through February 11, 2014, a total of 308 days, was statutorily tolled.

Petitioner's federal habeas petition arrived at this Court on March 10, 2014. Pursuant to the "mailbox rule," federal courts deem the filing date of a document as the date that it was given to prison officials (dispatched) for mailing. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Petitioner did not indicate on the petition when he gave it to correctional staff for mailing. (Dkt. no. 4, at 1, item 5.) According to the outgoing legal mail log at the institution in which petitioner was housed when he mailed his federal habeas petition, petitioner dispatched his federal petition for mailing on March 6, 2014. (Dkt. no. 14, at Exh. A.) The period of time from the issuance of remittitur on February 11, 2014, until petitioner dispatched his federal petition on March 6, 2014, is twenty-

5

three (23) days. Because petitioner had no properly filed application for state post-conviction or other collateral review pending during this time, the time period is not statutorily tolled. In total, 404 days of untolled time elapsed between the date petitioner's conviction became final and the date petitioner dispatched his federal petition for mailing. The federal petition was filed over one year after the expiration of the AEDPA statute of limitations.

The United States Supreme Court has held that the AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. at 418). The petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). "[A] petitioner must show that his untimeliness was caused by an external impediment and not by his own lack of diligence." *Bryant v. Arizona Att. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007). A petitioner "must show that some 'external force' caused his untimeliness, rather than mere 'oversight, miscalculation or negligence.'" *Velasquez v. Kirkland*, 639 F.3d 964, 969 (9th Cir. 2011) (quoting *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009)). "[A] garden variety claim of excusable neglect . . . such as a simple miscalculation that leads a [litigant] to miss a filing deadline . . . does not warrant equitable tolling." *Holland*, 560 U.S. at 651-52 (internal quotations omitted). A *pro se* petitioner's lack of legal knowledge or sophistication is not, by itself, an extraordinary circumstance warranting tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

In the instant case, petitioner has failed to make any showing that he pursued his rights diligently and that any extraordinary circumstance prevented him from filing a timely federal habeas petition. Petitioner is not entitled to equitable tolling and the federal petition must be dismissed as untimely.

### III. CERTIFICATE OF APPEALABILITY

District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack,* 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* In this case, no reasonable jurist would find this Court's dismissal of the petition debatable or wrong. The Court therefore denies petitioner a certificate of appealability.

### IV. CONCLUSION

It is therefore ordered that respondents' motion to dismiss (dkt. no. 9) is granted.

It is further ordered that respondents' motion to strike (dkt. no. 16) petitioner's sur-reply (dkt. no. 15) is granted.

It is further ordered that the petition is dismissed with prejudice as untimely.

It is further ordered that petitioner is denied a certificate of appealability.

It is further ordered that the Clerk of Court shall enter judgment accordingly.

DATED THIS 3rd day of August 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE